[Civ. No. 51188. Second Dist., Div. Four. Jan. 11, 1978.]

LOUIS DENVER SMITH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 51215. Second Dist., Div. Four. Jan. 11, 1978.]

DANNY JOSEPH FABRICANT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Danny Joseph Fabricant, in pro. per., Plotin & Stovack and Richard Plotin for Petitioners.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim, Donald J. Kaplan and Daniel L. Bershin, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KINGSLEY, J.—** ▮ These two petitions raise important questions as to the procedure by which a defendant may obtain a pretrial appellate

review of a trial court's ruling on a motion under subdivision (i) of Penal Code section 1538.5.[1]

A defendant in a felony case, seeking to avoid the use of evidence obtained by an unreasonable search and seizure, has two avenues of attack. He may move to set aside an indictment or information under section 995 of the Penal Code, or he may move to suppress the evidence by a motion under section 1538.5 of the Penal Code (Witkin, Cal. Evidence (2d ed. 1977 supp.) § 71B, p. 23). Or he may, as here, use both methods of attack. If he elects to proceed under section 995 and his motion is denied, he may seek immediate appellate review by a petition for a writ of prohibition filed in the appellate court within 15 days after his motion is denied. (Pen. Code, § 999a.) If he elects to proceed under section 1538.5, he may seek appellate review under subdivision (i) of section 1538.5 if he files his petition within the 30-day period prescribed by that subdivision. However, a defendant need not resort to immediate appellate review by writ, but may go to trial and, if convicted, raise the denial of his sections 995 or 1538.5 motion on appeal from the judgment of conviction.

Since the motions herein involved were denied on April 27, 1977, and the petitions were filed in this court on May 24, 1977, the time requirements of section 1538.5 were met. However, the record discloses a problem as to another procedural requirement for appellate review by writ. Section 1510 of the Penal Code provides as follows: "The denial of a motion made pursuant to Section 995 or 1538.5 may be reviewed prior to trial only if the motion was made by the defendant in the trial court not later than 45 days following defendant's arraignment on the complaint if a misdemeanor, or 60 days following defendant's arraignment on the information or indictment if a felony, unless within these time limits the defendant was unaware of the issue or had no opportunity to raise the issue." The record before us shows that, at the time of arraignment, on August 19, 1976, the following occurred:

---

[1]"(i) If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial and at least 10 days after notice to the people unless the people are willing to waive a portion of this time. The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing. After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion at the special hearing."

"DEFENDANT FABRICANT: For the record, I would like to reserve a 995 and 1538.5.

"THE COURT: It will be reserved for you.

"MR. PLOTIN: That will be noticed also on behalf of Mr. Smith.

"THE COURT: Well, we require those to be in writing. A 1538, as I indicated previously, can be noticed for the date of trial. Any other motions can be noticed prior to the date of trial, with ten days notice to the People." Motions under section 995 followed. Those motions ultimately were denied on January 14, 1977, and a petition under section 999a was denied by Division Three of this court on February 2, 1977, with an order reading as follows:

"The petition is denied without prejudice to a motion by petitioner pursuant to Penal Code section 1538.5." Thereafter, for the first time, written motions under section 1538.5 were filed. They ultimately were denied on April 27, 1977.

Clearly, the proceedings at the time of arraignment were insufficient to constitute the "motion" required by the statute. Those proceedings did no more than to advise the trial court and the People that petitioners had under consideration the making of such a motion. Petitioners did not indicate by anything that they said that such a motion would, in fact, be made. At that stage, not only did petitioners have a choice of tactics in deciding which avenue of attack they might make, but they had not, necessarily, even decided that any attack on evidence would be made. ■ A motion is an application to the court for an order. (Code Civ. Proc., § 1003.) The applicant must, in some way, communicate to the court what order is desired and upon what grounds. (See *People v. Sirhan* (1972) 7 Cal.3d 710, 740 [102 Cal.Rptr. 385, 497 P.2d 1121]; *People v. De Santiago* (1969) 71 Cal.2d 18, 22 [76 Cal.Rptr. 809, 453 P.2d 353]; Witkin, Cal. Crim. Procedure (1963) § 22.) ■ The cryptic statement made by the defendants on August 19, 1976, did not tell the court that they would make a motion to suppress, or what they would want suppressed, or the grounds of suppression.[2] It follows that

---

[2]This opinion does not rest upon the absence of a written notice. (See the discussion of that subject in *People v. Lewis* (1977) 71 Cal.App.3d 817 [139 Cal.Rptr. 673], and in *People v. Manning* (1973) 33 Cal.App.3d 586 [109 Cal.Rptr. 531].)

petitioners are not entitled to pretrial appellate review of the trial court's ruling, and that the petitions must be dismissed.

The petitions are dismissed.

Files, P. J., concurred.

**JEFFERSON (Bernard), J.**—I dissent.

The majority dismisses the petitions on the ground that petitioners failed to comply with the requirements of Penal Code section 1510. It is the view of the majority that petitioners failed to make motions pursuant to Penal Code section 1538.5 within the 60-day time requirement following their arraignments. The 60-day time limitation is required by Penal Code section 1510 to qualify defendants for a pretrial appellate review of trial court orders denying motions made pursuant to Penal Code sections 995 or 1538.5.

The majority reaches its result by construing the proceedings on arraignment of petitioners on August 19, 1976, as *not* involving the making of any motions by petitioners. In my view, this is an unjustifiably narrow interpretation of the words spoken at the arraignment of petitioners. The majority's holding also results in an erroneous construction of Penal Code section 1510.

Section 1510 was added to the Penal Code in 1971. (See Stats., 1971, ch. 944, § 1, p. 1852.) Section 1510 does not define what is meant by the phrase, "if the motion was made by the defendant in the trial court," within the time limit specified. The concept of *any motion* involves three elements: 1. The motion itself; 2. Notice to the adversary; and 3. The hearing on the motion and the court's ruling thereon. Section 1510 does not prescribe what the motion should contain or whether the motion is to be made orally or in writing. The section does not set forth that certain magic words must be used to constitute the making of a motion to secure relief pursuant to Penal Code section 995 or 1538.5. Neither does section 1510 set forth any requirements as to notice to the prosecution. Neither does it specify any requirements as to when the trial court shall conduct a hearing on the motion.

Since Penal Code section 1510 does not specify any requirement that a motion made pursuant to section 1538.5 of the Penal Code shall be in writing, I would construe the section as permitting a defendant to make an oral motion. The only requirement that I read into section 1510 is that a defendant shall make such an oral motion within 60 days following his arraignment on the information or indictment. Once he has made such an oral motion within that time limit, he has satisfied all requirements for a pretrial appellate review of the trial court's denial of the motion, even though the evidence desired to be suppressed, the grounds in support of the motion, the notice to the prosecution, and the hearing and ruling on the motion are made more than 60 days following the defendant's arraignment.

The majority construes Penal Code section 1510 as requiring that the evidence sought to be suppressed and the grounds supporting the motion be set forth before it can be said that "the motion was made by the defendant in the trial court not later than . . . 60 days following defendant's arraignment on the information or indictment . . . ." I do not think that section 1510 should be given this narrow and technical construction. As long as a statement of the evidence sought to be suppressed and the grounds in support of the motion are made known to the court and the prosecution and the hearing is held, all prior to trial, the requirements of section 1510 should be deemed satisfied. The motion has been made within the 60-day period following arraignment, even though the additional details pertaining to the motion are not made known until after the 60-day period.

If the Legislature had intended by Penal Code section 1510 that the details of a motion, made pursuant to Penal Code section 1538.5, should set forth the matters required by the majority in order for a defendant to secure a pretrial appellate review of the trial court's order of denial, it would have so provided in the section. The Legislature has indicated quite clearly in other sections of the Penal Code when it desired that a motion should contain, and conform to, certain details. Thus, Penal Code section 1201.5 provides as follows: "Any motions made subsequent to judgment must be made only upon written notice served upon the prosecution at least three days prior to the date of hearing thereon. No affidavit or other writing shall be presented or considered in support thereof unless a copy of the same has been duly served upon the prosecution at least three days prior to a hearing thereon. Any appeal from an order entered upon a motion made other than as herein provided, must be dismissed by the court."

The difference between the provisions of section 1510 and section 1201.5 of the Penal Code indicates rather persuasively a difference in legislative intent which permits, under section 1510, an oral motion with no requirements that the details of the motion, the grounds, time of notice to the prosecution or time of hearing be set forth simultaneously with the making of the motion.

I would construe the oral proceedings at the arraignment of petitioners on August 19, 1976, as constituting valid motions within the meaning of Penal Code section 1510. The statement by petitioner Fabricant, "[f]or the record, I would like to reserve a 995 and 1538.5," and the statement of petitioner Smith's counsel, "[t]hat will be noticed also on behalf of Mr. Smith," should be interpreted as constituting a motion under Penal Code sections 995 and 1538.5 to satisfy the requirement of section 1510 of the Penal Code.

I find no ambiguity, doubt or indecision in the words used by petitioners at their arraignment. Although the majority describes the petitioners' words as simply a "cryptic statement," I do not construe Penal Code section 1510 as requiring anything more for purposes of laying a foundation for a pretrial appellate review of a subsequent order denying petitioners relief under Penal Code section 1538.5. I do not believe we should curb pretrial appellate review of trial court orders denying defendants' motions made pursuant to Penal Code sections 995 or 1538.5 by making a narrow construction of Penal Code section 1510. I read nothing in the *Sirhan* (7 Cal.3d 710 [102 Cal.Rptr. 385, 497 P.2d 1121]) or *De Santiago* (71 Cal.2d 18 [76 Cal.Rptr. 809, 453 P.2d 353]) cases that mandates the narrow construction which the majority places upon Penal Code section 1510.

I would not dismiss the petitions, but, on the contrary, entertain a review on the merits.

Petitioners' applications for a hearing by the Supreme Court were denied February 10, 1978.