[No. E005343. Fourth Dist., Div. Two. Dec. 8, 1988.]

NICKE ANDERSON, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

David L. McKenna, Public Defender, and C. Christian Cruz, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Dennis Kottmeier, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Real Party in Interest.

OPINION

DABNEY, J.—Petitioner Nicke Anderson was charged in an information with one felony count: possessing cocaine (Health & Saf. Code, § 11350,

subd. (a)), and two misdemeanor counts: possessing an injection device (Health & Saf. Code, § 11364) and giving false information to the police (Pen. Code, § 148.9, subd. (a)). ▇ ▇ ▇ ▇ Anderson has applied to this court for an order directing the superior court to hold a hearing on her motions to suppress evidence and to dismiss pursuant to Penal Code section 995 and enter an order granting those motions.[1]

FACTS

At Anderson's preliminary hearing, Officer Hopley of the Ontario Police Department testified that he and another officer from the narcotics task force knocked on the door of Anderson's apartment. The officers did not have a warrant. Anderson, who was alone with a small child, opened the door. Officer Hopley told Anderson he had heard that she or someone else staying there was possibly dealing cocaine and heroin, and he would like to question her about it. Anderson responded that nobody there was dealing anything and the officers could come in and look around all they wanted to. Officer Hopley repeated "several different times [that the officers wished to search her home], fully explained to her so that there was no doubt in her mind as to what was happening." Anderson repeated that she had nothing to hide and the officers could continue to look around. The officers found three syringes and a paper bindle containing white powder which resembled cocaine. A criminalist testified that the bindle contained a fifth of a gram of cocaine. The prosecutor introduced the cocaine into evidence; Anderson's counsel did not object.

Anderson at first told the officers her name was Sherry Brown. After Anderson was arrested, she told them her name was Ruth White. Anderson also used the name Joann.

Anderson testified on her own behalf. She stated that three uniformed police officers knocked on her door in the evening. When she opened the door, they said they believed she was dealing drugs. She said that no drugs were dealt there, and the police walked right in. One officer took her to the bathroom and searched her. He then told her to sit down. Two of the officers searched the house while the third stood at the door. None of the officers asked permission to come in.

---

[1] The trial court denied the motions on March 11, 1988; Anderson filed her petition for a writ on April 1, 1988. However, Penal Code section 999a requires that a challenge to the trial court's denial of a section 995 motion be brought within 15 days. Anderson's challenge to the denial of the section 995 motion is untimely. (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 720, fn. 3 [195 Cal.Rptr. 503, 669 P.2d 1278].) We therefore address only the challenge to the denial of the motion to suppress.

Officer Hopley further testified that he had watched Anderson's apartment several hours the day before the arrest. He saw several people knock on the door and saw the door opened three or four times, but could not see if any narcotics transactions took place.

The court then asked for motions and argument. The prosecutor moved to hold Anderson to answer, summarized the evidence in support of the charges, and submitted. Anderson's counsel then stated: "I'm not sure if the People are arguing that there was a false name and that therefore that has some indication of dealing narcotics, but the testimony of the officer was that she informed him her name was Joann, and then they had an extensive conversation at that point. Later on she may have given some other names, but I'm not sure that initially she gave a false name or that the officer was even aware of what her name was.

"As to the corpus itself, it has not been shown that she was in possession of the property or of the drugs itself, and one of the elements of this case is possession.

"Consent is an issue, and I will test that later on. At this point I will submit it to the Court."

The court then stated, "Well, this is the time to—." Anderson's counsel interjected, "I will reserve the 1538.5 matter for the Superior Court."

The court responded "Surely." The court then ruled: "The only matter that is at issue is the question of consent to search the premises, and it is a question of credibility; that is, which of the witnesses the Court is to believe. And what the Court has before it is testimony uncontradicted that the defendant gave several names and also made the assertion at one point that there were no drugs there. It's obvious that there was certainly the bindle.

"The Court is persuaded that of the two witnesses the officer is the more credible in his testimony concerning the entry and the consent to search, and the Court is persuaded that there is probable cause to believe that the defendant was in knowing possession of cocaine, a number of hypodermic needles, and did give false information to a police officer.

"The motion to hold the defendant, . . . to answer to those charges is granted. . . ."

In superior court, Anderson filed a motion to suppress and motion to dismiss pursuant to Penal Code section 995[2] and the state and federal Constitutions. The court denied the motions on the ground that the magistrate had ruled that the search was consensual, and the court was bound by the magistrate's finding. Anderson then filed this petition for extraordinary relief.

## DISCUSSION

A defendant may move to suppress as evidence any items seized by the police on the ground that the search or seizure without a warrant was unreasonable. (§ 1538.5, subd. (a)(1).) ■ "[T]he intent underlying [section 1538.5] was to reduce the unnecessary waste of judicial time and effort involved in the prior procedures, whereby search and seizure questions could be repeatedly raised in criminal proceedings." (*People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].) Section 1538.5, subdivisions (f)[3] and (i)[4] provide that such a motion may be made either at the preliminary hearing or in the superior court.

Former section 1538.5, subdivision (i) (amended Stats. 1986, ch. 52, § 1) permitted the defendant to receive a de novo hearing in the superior court even if he moved at the preliminary hearing to suppress evidence. (See, e.g., *People* v. *Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621].) However, effective January 1, 1987, the Legislature eliminated the right to a second full hearing. A defendant is now entitled to *only one full hearing* on his suppression motion (§ 1538.5, subd. (i).) When the motion is made at the preliminary hearing, the superior court merely reviews the transcript of that hearing and any evidence which the defendant could not reasonably

---

[2] All statutory references hereafter are to the Penal Code unless otherwise designated.

[3] Section 1538.5, subdivision (f) states: "If the property or evidence relates to a felony offense initiated by a complaint, . . . the defendant may make the motion at the preliminary hearing . . . but the motion in the municipal . . . court shall be restricted to evidence sought to be introduced by the people at the preliminary hearing."

[4] Section 1538.5, subdivision (i) states: "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, . . . the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure . . . . If the offense was initiated . . . *by complaint and no motion was made at the preliminary hearing, the defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing. If the motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing . . . . The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing. . . .* " (Italics added.)

have presented at that hearing. The magistrate's factual findings bind the superior court. (*Ibid.*)

Anderson claims that she did not make a section 1538.5 motion at her preliminary hearing and was entitled to fully litigate her Fourth Amendment contentions at a special hearing in the superior court. The prosecutor asserts that she did make a section 1538.5 motion at the preliminary hearing, and the superior court could only review the magistrate's findings, rather than conduct a de novo hearing.

*Did Anderson make a section 1538.5 motion at the preliminary hearing?*

■ The first question the petition presents is whether the record shows that Anderson made a motion under section 1538.5 at the preliminary hearing. ■ A section 1538.5 motion, like any other motion, is " . . . an application to the court for an order." (*Smith* v. *Superior Court* (1978) 76 Cal.App.3d 731, 734 [143 Cal.Rptr. 109]; see also Code Civ. Proc., § 1003; Pen. Code, § 1102.) However, courts have not required defendants to follow rigid procedures to bring section 1538.5 motions.

For instance, in *People* v. *O'Brien* (1969) 71 Cal.2d 394 [79 Cal.Rptr. 313, 456 P.2d 969], the court stated: "Although the statute contemplates that the issue will be raised by motion, a defendant who does so by the traditional procedure of objecting to the admission of the evidence on Fourth Amendment grounds should not be penalized merely for using the wrong words; such an objection, rather, should be construed whenever possible as a motion under subdivision (h)." (*Id.,* at p. 403, fn. 5.) The court in *People* v. *Williams* (1970) 9 Cal.App.3d 565 [88 Cal.Rptr. 349] also ruled that an objection to evidence was sufficient to challenge an illegal search and seizure, and added that the defendant need not ordinarily argue the objection as long as he states the grounds for it. (*Id.,* at pp. 569-570.)

In *People* v. *Gordon* (1982) 136 Cal.App.3d 519 [186 Cal.Rptr. 373], the defendant objected to the admission of evidence on the ground " 'that was not one of the items that was mentioned as being an item that was subject to search.' " The court held "This language is clearly a motion to suppress pursuant to Penal Code section 1538.5, subdivision (a)(2)(ii)." (*Id.,* at p. 526.) The court explained that "counsel interposed an objection and made specific reference to Penal Code section 1538.5. The court's ruling was unambiguous. 'I'm not going to make any ruling as to the contents of the wallet other than I've suppressed it in this hearing.' The word 'suppress' in a criminal case is peculiar to a Penal Code section 1538.5 motion. The response by the People to the court's decision supports a finding they were

aware a motion to suppress had been granted." (*Gordon, supra,* 136 Cal.App.3d at p. 527.)

Likewise, in *People* v. *Triggs* (1973) 8 Cal.3d 884 [106 Cal.Rptr. 408, 506 P.2d 232], (overruled on other grounds in *People* v. *Lilienthal* (1978) 22 Cal.3d 891, 896, fn. 4 [150 Cal.Rptr. 910, 587 P.2d 706]), the court "deem[ed] defendant's motion to strike [the arresting officer's] testimony at the preliminary hearing as equivalent to a motion to suppress evidence . . . ." (*Id.,* at pp. 887-888, fn 2.)

In *People* v. *Manning* (1973) 33 Cal.App.3d 586 [109 Cal.Rptr. 531], the People appealed from orders suppressing evidence and dismissing the complaint. The People argued that the defendant had failed to comply with established motion practice in moving to suppress evidence and contended that the defendant gave insufficient notice of the grounds for suppression when he announced the motion at the preliminary hearing. The appellate court found ". . . that insufficiency was at least largely overcome in this instance by the court's urging and announcement of the basis for its ruling and by the participation and argument of both counsel." (*Id.,* at p. 598.)

Other cases provide examples of actions which are inadequate to bring motions. In *People* v. *Freeman* (1979) 95 Cal.App.3d 917 [157 Cal.Rptr. 454], the People moved at the preliminary hearing to admit a wallet and its contents into evidence. Defense counsel objected on the ground of an unlawful detention, and the magistrate stated: " 'The motion to introduce the evidence will be denied at this time.' " (*Id.,* at p. 921.) The defendant was held to answer based on other evidence. The superior court reviewed the transcript of the preliminary examination and ruled: " 'I have read the transcript with special emphasis on the part that you are making the matter concerned here, and it's my ruling that there was no 1538.5 motion at the preliminary hearing; there has been no 1538.5 motion and there has never been an order by the court suppressing that evidence.' " (*Ibid.*) The appellate court affirmed that ruling, explaining, "The statutory sanction which prevents the People from introducing relevant evidence in superior court because of a ruling by a magistrate at a preliminary hearing is a severe one. *In order to invoke such severe sanction, there should be strict compliance by the defendant with subdivision (f) and an unambiguous ruling by the magistrate sufficient to put the People on notice that a de novo hearing in superior court must be sought.* [Citation.] The record at the preliminary hearing does not satisfy this standard. Appellant did not make a formal motion under section 1538.5, subdivision (f), at the preliminary hearing giving the People notice that there would be any issue as to the validity of the seizure. He merely 'objected' to the introduction of the exhibit after all

the evidence was in. The magistrate's 'ruling' was ambiguous." (*Id.,* at pp. 922-923.)

In *Smith* v. *Superior Court* (1978) 76 Cal.App.3d 731 [143 Cal.Rptr. 109], the defendant sought review by writ of a trial court's denial of a motion under section 1538.5, subdivision (i). At defendant's arraignment, the following occurred: " '[Codefendant]: For the record, I would like to reserve a 995 and 1538.5.

" 'THE COURT: It will be reserved for you.

" '[Defendant's counsel]: That will be noticed also on behalf of Mr. Smith.

" 'THE COURT: Well, we require those to be in writing. A 1538, as I indicated previously, can be noticed for the date of trial. Any other motions can be noticed prior to the date of trial, with ten days notice to the People.' " (76 Cal.App.3d at p. 734.)

The appellate court held: "Clearly, the proceedings at the time of arraignment were insufficient to constitute the 'motion' required by the statute. Those proceedings did no more than to advise the trial court and the People that petitioners had under consideration the making of such a motion. Petitioners did not indicate by anything that they said that such a motion would, in fact, be made. . . . A motion is an application to the court for an order. (Code Civ. Proc., § 1003.) The applicant must, in some way, communicate to the court what order is desired and upon what grounds. [Citations.] The cryptic statement made by the defendants . . . , did not tell the court that they would make a motion to suppress, or what they would want suppressed, or the grounds of suppression." (76 Cal.App.3d at pp. 734-735, fn. omitted.)

In another context, the court in *People* v. *Dillard* (1959) 168 Cal.App.2d 158, 167 [335 P.2d 702], ruled that the defendant had waived his right to bring a motion for new trial when the record indicated that defense counsel merely indicated that he intended to make such a motion without specifying the grounds on which he relied. The court explained, quoting the concurring opinion of Justice Conroy in *People* v. *Beatcher* (1934) 136 Cal.App. 337, 338-339 [28 P.2d 943], " 'The bald statement to the trial court that the defendant made his motion for new trial "on all the statutory grounds," without argument and without suggestion of any definite reason for granting the motion, *did not fairly and reasonably call for decision upon any indicated question in the case.* Essentially, it failed to bring to the attention of the court any one reason why a new trial should be granted. The motion

was just a general appeal to the world of legal possibilities. . . . [U]pon a motion for a new trial, the trial court shall be given an opportunity to consider and determine some definite question or claim on which the motion depends, . . .'" (*Dillard, supra,* 168 Cal.App.2d at p. 167, original italics.)

From these cases, we glean the principles that the defendant need not follow strict procedures to bring a motion to suppress, but must make the basis for the motion clear, and must seek and obtain an unambiguous ruling on the motion. ■■ We now review the present record in light of these principles and in light of the clear purpose of the legislature in amending section 1538.5, subdivision (i) to limit a defendant to one, and only one, full hearing on a suppression motion.

The district attorney notes that the People conducted a routine preliminary hearing for a drug possession case. The arresting officer gave percipient testimony to support the charges, and a criminalist identified the cocaine. The court then asked Anderson's counsel if he had any affirmative defense to put on. Anderson took the stand. After reminding her of her right not to testify, counsel stated, "Okay. With that in mind, is it okay if I ask you about when the police came to your door . . . and limit myself to that area?" Counsel then elicited testimony that the police simply walked in without asking permission, and Anderson never said they could enter.

The district attorney claims that Anderson's testimony put the factual issue of consent before the magistrate and that Anderson thereby made a de facto section 1538.5 motion. We agree. Anderson's testimony, which was limited to the events surrounding the officers' entry and search, was relevant only to the issue of consent and consequently to the issue of the validity of the search and seizure. Defense counsel's strategy in putting Anderson on the stand appears to be merely a ploy to obtain two hearings on suppression. The Legislature has made it clear that a second full hearing is no longer permitted.

Moreover, the superior court apparently recognized that Anderson had made a constructive suppression motion at the preliminary hearing. Anderson's counsel argued, "I did not make a 1538.5 motion, and I told the Court that I was reserving my 1538.5. [¶] Why the Court chose to make some findings as to credibility, I don't know. As I stated before, the issue is not credibility. The issue is whether there was submission to authority. . . ." The superior court then questioned counsel: "Are you contending that in reality no 1538.5 was made in the Municipal Court?

"MR. CRUZ: I did not make it, your Honor, down below. This is a 995, and she was held without probable cause.

"[The prosecutor]: If there is no 1538.5, how can the magistrate have erred?

"MR. CRUZ: Because the magistrate should have made a determination whether or not—according to her testimony, and also the police officer's prima facie case of what he told her, he should have made a determination of whether or not on its face there was submission to authority. All he went and decided was that he was more credible than she was.

"THE COURT: But the whole point is, whether you call it a 1538.5 motion or not, isn't that what was being done?

"MR. CRUZ: I just put on the evidence for the court so I could make a record of it. He should have on his own made some findings.

"[The prosecutor]: He did

"THE COURT: I thought he did.

"MR. CRUZ: As to submission to authority, he didn't say anything.

"THE COURT: Isn't there a recent case that says once you have this determined down there that the Superior Court is bound by the findings?

"[The prosecutor]: That is the new law, yes.

"MR. CRUZ: It's on the record. I didn't make a 1538.5 below.

"THE COURT: Isn't that getting around the law, isn't it? Isn't that exactly—the whole questioning process down there was on that very issue.

"MR. CRUZ: If the People have the burden of proof in the absence of the search warrant and they put on the issue of consent—

"THE COURT: All they would have to do is say the policeman went in there and found the contraband and arrested her for that. That would have been it.

"MR. CRUZ: Without a search warrant?

"THE COURT: That is where you get into your 1538.5.

"MR. CRUZ: The People have the burden in the absence of a search warrant to state their reasons for not securing search warrant.

"The Court: But that is a hearing on 1538.5, isn't it, Mr. Cruz?"

Anderson's counsel then conceded that based on the evidence at the preliminary hearing, the magistrate should have made findings sua sponte on whether Anderson's consent was voluntary or merely in submission to authority.

As Justice Mosk remarked in his concurring opinion in *In re Deborah C.* (1981) 30 Cal.3d 125, 141 [177 Cal.Rptr. 852, 635 P.2d 446], "[I]f an object looks like a duck, walks like a duck and quacks like a duck, it is likely to be a duck." Based on our review of the record, we conclude that by putting the factual issue of consent before the magistrate at the preliminary hearing, Anderson made a constructive motion on that issue, even though her counsel stated that he reserved the section 1538.5 motion for later determination. Any other conclusion would be contrary to the Legislature's express purpose when it amended section 1538.5. Having taken up court time to put her evidence before the magistrate, Anderson made a constructive section 1538.5 motion at the preliminary hearing and was not entitled to a de novo hearing on suppression in the superior court.

*Did Anderson receive a proper hearing on her section 1538.5 motion in superior court?*

Anderson next contends that the superior court failed to conduct a proper hearing on her motion to suppress in superior court. Section 1538.5, subdivision (i) allows the superior court to review the magistrate's determination after the defendant makes a section 1538.5 motion at the preliminary hearing. However, this review is not a de novo hearing; the statute limits its scope to a review of the preliminary hearing transcript and to new evidence which could not reasonably have been presented at the preliminary hearing. (*Ibid.*) Because we conclude that Anderson made a de facto section 1538.5 hearing before the magistrate, we necessarily also conclude that the superior court's review was limited to determining that substantial evidence supported the magistrate's findings, based on a review of the transcript of the preliminary hearing. (*Ibid.*) The superior court's findings reflect that it properly conducted this review. Anderson is not entitled to another hearing in the superior court.

*Was the superior court required to grant Anderson's motion?*

██ Finally, Anderson contends that the superior court was required as a matter of law, based on the preliminary hearing transcript, to grant her motions to suppress the evidence and to dismiss the case because the evidence was seized in an unlawful search. As noted above, Anderson failed to

raise a timely challenge to the denial of her section 995 motion. (§ 999a.) We therefore consider only the denial of her motion to suppress.

■ A warrantless search of a person's residence is illegal unless the person consents to the search. Permission to search does not constitute consent if it is involuntarily given, such as when it results from an assertion of official authority. The People have the burden of showing that ". . . the defendant's manifestation of consent was the product of his free will and not a mere submission to an express or implied assertion of authority. . . . The voluntariness of the consent is in every case 'a question of fact to be determined in the light of all the circumstances.'" (*People* v. *James* (1977) 19 Cal.3d 99, 106 [137 Cal.Rptr. 447, 561 P.2d 1135], fn. omitted.)

■ Anderson contends that the magistrate applied an inappropriate test, using inappropriate factors, and did not determine whether Anderson voluntarily consented to the search or merely submitted to authority. However, the magistrate made factual findings that the officer's testimony was more credible than Anderson's, and that his testimony established that the search was consensual. We find sufficient evidence in the record to support these findings. If Anderson believed that the magistrate was required to make more specific findings, she should have requested such findings at the preliminary hearing. Having failed to do so, she is estopped from making a belated request on review of the magistrate's decision. At the hearing on a section 1538.5 motion, all parties are obligated to present all testimony and legal theories relevant to the admissibility of the evidence. (*Lorenzana* v. *Superior Court* (1973) 9 Cal.3d 626, 640 [108 Cal.Rptr. 585, 511 P.2d 33].)

## DISPOSITION

The petition for writ of mandate/prohibition is denied.

Campbell, P. J., and Hews, J., concurred.

A petition for a rehearing was denied January 5, 1989, and petitioner's application for review by the Supreme Court was denied March 16, 1989.