Filed 4/2/13  P. v. Lolmaugh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANA TROY LOLMAUGH,<br><br>Defendant and Appellant. | C071000<br><br>(Super. Ct. No. 62104496) |

Defendant Dana Troy Lolmaugh pled guilty to driving with a blood-alcohol level of 0.08 percent or higher and admitted he had five prior convictions for driving under the influence, two of which were felonies.  (Veh. Code, §§ 23152, subd. (b), 23550.5.) [1]  He also admitted he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).  Pursuant to the stipulated disposition, he was sentenced to a term of three years in state prison.

Defendant's ensuing appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110.  In accordance

---

[1] Further undesignated statutory references are to the Vehicle Code.

with the latter, we will provide a summary of the offenses and the proceedings in the trial court.

In February 2011, defendant was driving with a blood-alcohol level of 0.13 percent. At the time, he had sustained five prior convictions for driving under the influence and had a prior felony conviction for which he served time in prison.

Defendant was charged with driving under the influence of alcohol (§ 23152, subd. (a)), driving with a blood-alcohol level of 0.08 percent or higher (§ 23152, subd. (b)) and a misdemeanor count of driving with a suspended license (§ 14601.2, subd. (a)). It was also alleged as to both felony counts that defendant had five prior convictions within the past 10 years for driving under the influence (§ 23550), had sustained two prior felony convictions for driving under the influence within the last 10 years (§ 23550.5), and had a prior felony conviction for which he served a prison term (Pen. Code, § 667.5).

Defendant filed a motion to suppress. (Pen. Code, § 1538.5.) The People opposed the motion. In their response, the People alleged California Highway Patrol Officer Don Scholl saw defendant driving at approximately 78 to 80 miles per hour in a 55 miles-per-hour zone and stopped him for speeding. Defendant exhibited signs of intoxication and admitted to the officer he had had too much to drink. Based on his reasonable suspicion that defendant was intoxicated, Officer Scholl conducted field sobriety tests which further indicated defendant was under the influence. Defendant also admitted his driver's license was suspended as a result of prior convictions for driving under the influence. Defendant was arrested based on the results of the field sobriety test and his admissions. The motion to suppress was not heard and the court did not issue a ruling on it.

Defendant pleaded guilty to driving with a blood-alcohol level of 0.08 percent or higher, admitted five prior driving under the influence convictions and one prior prison term. As part of the plea he agreed to a stipulated sentence of three years and was

2

sentenced in accordance with the plea.  Defendant was ordered to pay a $240 restitution fund fine (Pen. Code, § 1202.4, subd. (b)), a $40 court security fee (Pen. Code, § 1465.8), and a $30 assessment fee (Gov. Code, § 70373).  Defendant did not obtain a certificate of probable cause.  (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and asking us to review the record to determine whether there were any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant has filed a supplemental brief.  Defendant's brief delineates a number of typographical errors in the transcripts.  We can discern no prejudice to defendant as a result of these typographical errors.  Defendant also complains there were a number of discussions which were not transcribed, including the prosecution's rejection of his offer of proof of his abstinence for over one year.  On direct appeal, our review is limited to a consideration of matters contained in the record of the trial proceedings.  (*People v. Landers* (1976) 59 Cal.App.3d 846, 850.)  We cannot consider or find prejudicial error on matters not contained in the record.

Defendant also alleges the prosecution did not produce requested discovery. These claims are foreclosed by defendant's guilty plea and failure to obtain a certificate of probable cause.  A guilty plea is, for most purposes, the legal equivalent of a jury's guilty verdict.  (*People v. Valladoli* (1996) 13 Cal.4th 590, 601.)  A guilty plea serves as a stipulation that the People need not introduce proof to support the accusation.  The plea supplies both evidence and verdict and is deemed to constitute an admission of every element of the charged offense. (*People v. Alfaro* (1986) 42 Cal.3d 627, 636 [overruled on another ground in *People v. Guerrero* (1988) 44 Cal.3d 343]; *People v. Chadd* (1981) 28 Cal.3d 739, 748.)  Without a certificate of probable cause, our review is limited to

search and seizure or sentencing issues. (*People v. Mendez* (1999) 19 Cal.4th 1084; *People v. Panizzon* (1996) 13 Cal.4th 68.)

Defendant argues the record does not reflect his offer to pay for residential drug treatment or evidence he offered to mitigate his sentence. Defendant was sentenced in accordance with a stipulated sentence which was an integral part of the plea. Accordingly, this claim is also foreclosed by the failure to obtain a certificate of probable cause. (*People v. Panizzon*, *supra,* 13 Cal.4th at p. 78.)

Defendant also claims the People's opposition to the motion to suppress is deficient. Deficiencies in the People's briefing do not constitute reversible errors. To warrant reversal, the court must make an erroneous ruling which results in prejudice to the defendant. (*People v. Alvarez* (1996) 14 Cal.4th 155, 216; *People v. Watson* (1956) 46 Cal.2d 818.) Here, there was no ruling by the court on the motion to suppress at all. It was the defendant's burden to seek and obtain a ruling on the motion to suppress. (*Anderson v. Superior Court* (1988) 206 Cal.App.3d 533, 542.) As there is no ruling for us to review, we cannot find any prejudicial error.

We have undertaken an independent examination of the entire record and have found no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                 BLEASE            , J.

We concur:

     RAYE            , P. J.

     BUTZ            , J.