Filed 12/31/25  Vaughn v. Superior Court CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KHALIL VAUGHN,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,<br><br>    Respondent;<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Real Party in Interest. | A173255<br><br>(City & County of San Francisco Super. Ct. No. 24016065) |

Khalil Vaughn seeks review by extraordinary writ of a pretrial order denying his motion to set aside certain criminal charges filed against him. (Pen. Code, § 995; statutory references are to this code unless otherwise indicated.)  Vaughn contends the superior court must be directed to set aside multiple counts in the information due to an alleged violation of his substantial right to request that felony charges be reduced to misdemeanors pursuant to section 17, subdivision (b) (section 17(b)).[1]  Section 17(b) permits

___

[1] Section 17(b) addresses crimes that can be punished as either felonies or misdemeanors, so-called wobblers.  "The Legislature has classified most crimes as either a felony or a misdemeanor" (*People v. Park* (2013) 56 Cal.4th 782, 789, italics omitted), but because the conduct underlying a wobbler can vary widely in its level of seriousness, "the Legislature has empowered the

a magistrate to determine at the preliminary hearing that a wobbler offense charged as a felony is in fact a misdemeanor, but also authorizes the trial court to make this determination post-conviction. Vaughn contends that the magistrate who presided at his preliminary hearing violated his substantial rights by refusing to hear his oral motion pursuant to section 17(b), and that as a result section 995 entitles him to an order striking the wobbler offenses from the information.

We conclude the denial of Vaughn's section 995 motion is not subject to pretrial review because the motion was filed more than 60 days after arraignment. (§ 1510.) Although Vaughn had filed a placeholder "motion" within the 60-day period, that filing did not preserve his right to pretrial review. The earlier filing did not enumerate the claims defendant later sought to have dismissed nor articulate a case-specific theory for dismissing them. The earlier filing was not supported by a memorandum of points and authorities, and it requested no hearing date. And the subsequently filed section 995 motion did not even purport to amend or supplement the original placeholder "motion."

## BACKGROUND

The San Francisco district attorney filed a 20-count complaint that charged Vaughn with committing 15 felonies and five misdemeanors. A preliminary hearing was held on September 18, 2024. At the preliminary hearing, the People elicited testimony from the alleged victim of all of the charged offenses, who had been in a dating relationship with Vaughn. The People also elicited testimony from a police officer who participated in

---

courts to decide, in each individual case, whether the crime should be classified as a felony or a misdemeanor" (*People v. Tran* (2015) 242 Cal.App.4th 877, 885).

2

Vaughn's arrest. After the close of evidence, the magistrate heard and denied Vaughn's motion to suppress and then turned to the sufficiency of the evidence. The parties and the court discussed several specific counts, and then the following exchange occurred:

"[Defense counsel:] Your Honor, I'd like to be heard. The balance of the complaint but for count sixteen are wobbler offenses. [¶] And in this case, Your Honor, Mr. Vaughn is 23 years old; [¶] He has no criminal record.

"[The Court]: Okay. I'm not hearing a 17(b) right now. [¶] I'm going to address the issues. If you want to make a 17(b), then, if we have time, we'll address it."

The magistrate then ticked through each count in the complaint and the evidence offered to support it, discharging several counts for lack of evidence. After holding Vaughn to answer on the remaining charges, the magistrate stated: "There is no written 17(b). Because of time, the Court is not considering a motion at this time. [¶] The record is closed."

On October 1, 2024, the district attorney filed an information charging Vaughn with 26 offenses, which included offenses the magistrate had found unsupported by the evidence.[2] The following day, Vaughn was arraigned on the information and pled not guilty to all charges.

---

[2] The information charged Vaughn with: stalking, a felony (§ 646.9, subd. (a), count 1); criminal threats, a felony (§ 422, subd. (a), count 2); domestic violence, a felony (§ 273.5, subd. (a), count 3); battery on domestic partner, a misdemeanor (§ 243, subd. (e)(1), count 4); grand theft, a misdemeanor (§ 487, subd. (a), count 5); receiving or buying stolen property, a misdemeanor (§ 496, subd. (a), count 6); false imprisonment, a felony (§ 236, count 7); resisting, obstructing, or delaying a peace officer or EMT, a misdemeanor (§ 148, subd. (a)(1), count 8); domestic violence, a felony (§ 273.5, subd. (a), count 9); domestic violence, a felony (§ 273.5, subd. (a), count 10); criminal threats, a felony (§ 422, subd. (a), count 11); assault with force likely to cause great bodily injury, a felony (§ 245, subd. (a)(4),

3

On October 20, 2024, Vaughn filed a document that was captioned a "**Motion to Dismiss Per Penal Code § 995 in Compliance with Penal Code § 1510**." The body of this document states, in full: "Defendant KHALIL VAUGHN hereby makes a motion pursuant to Penal Code § 995 to dismiss all charges in the information due to insufficiency of evidence, denial of substantial right, and erroneous denial of motion to suppress at the preliminary hearing. A hearing to argue this motion, with further briefing, will be set at a future date. This motion is made in compliance with Penal Code §1510 and is made within 60 days following defendant's arraignment on the Information." However, no hearing was ever scheduled; the motion was never briefed; and the superior court did not take any action in response to this filing.

Instead, on April 10, 2025 Vaughn filed a "Motion to Set Aside" multiple counts in the information pursuant to section 995. The 16-page motion contained a statement of the case that made no reference to the document Vaughn filed on October 20, 2024; a statement of facts; and a memorandum of points and authorities. First, Vaughn argued that counts 1, 5, and 16 in the information should be dismissed based on the magistrate's

count 12); battery on domestic partner, a misdemeanor (§ 243, subd. (e)(1), count 13); domestic violence, a felony (§ 273.5, subd. (a), count 14); domestic violence, a felony (§ 273.5, subd. (a), count 15); robbery, a felony (§ 211, count 16); domestic violence, a felony (§ 273.5, subd. (a), count 17); battery on domestic partner, a misdemeanor (§ 243, subd. (e)(1), count 18); assault with force likely to cause great bodily injury, a felony (§ 245, subd. (a)(4), count 19); domestic violence, a felony (§ 273.5, subd. (a), count 20); battery on domestic partner, a misdemeanor (§ 243, subd. (e)(1), count 21); battery on domestic partner, a misdemeanor (§ 243, subd. (e)(1), count 22); domestic violence, a felony (§ 273.5, subd. (a), count 23); criminal threats, a felony (§ 422, subd. (a), count 24); assault with force likely to cause great bodily injury, a felony (Pen. Code, § 245, subd. (a)(4), count 25); and assault with caustic chemicals, a felony (§ 244, count 26).

4

findings that they were not supported by the preliminary hearing evidence. Second, he argued that he had been denied a "substantial right" at his preliminary hearing when the magistrate refused to hear his motion to reduce all 15 wobblers to misdemeanors pursuant to section 17(b), and therefore he was entitled to a dismissal of all such charges.

On May 2, 2025, the superior court held a hearing on Vaughn's section 995 motion. Regarding Vaughn's first set of arguments, the court dismissed one charge, a misdemeanor theft charge, for lack of evidence. Regarding the section 17(b) issue, Vaughn argued the magistrate violated Vaughn's substantial right to make a motion seeking to have the wobblers reduced to misdemeanors, and there was no requirement that such a motion must be in writing. The People framed the issue differently, arguing the magistrate acted within his discretion in declining to reduce the charges to misdemeanors. The court accepted Vaughn's framing, reasoning that the issue was not whether the magistrate was required to the reduce the charges, but whether Vaughn had a right to have his motion heard.

The court found there was a dearth of authority addressing whether a defendant has a substantial right to make a motion pursuant to section 17(b) at the preliminary hearing. Without resolving that issue, the court concluded that two factual circumstances weighed against Vaughn. First, there was no evidence of prejudice; after reviewing the "entire" transcript, the court found it "exceedingly unlikely, despite Mr. Vaughn's young age and lack of criminal history, that any 17(b) would be granted after the evidence that came in at the preliminary hearing." Second, the court found there was a requirement that a section 17(b) motion be made in writing. Specifically, the court referenced local rules requiring that motions relating to felony complaints be filed and calendared in advance of a hearing. The court acknowledged these

5

rules may not be consistently enforced, but it rejected Vaughn's argument that no such requirement existed. Accordingly, the court denied Vaughn's section 995 motion, except as to the misdemeanor theft charged in count 5.

On May 19, 2025, Vaughn filed his petition for writ of prohibition to restrain the superior court from taking any further proceedings in his criminal case. As grounds for this relief, Vaughn alleges that the court "acted in excess of its jurisdiction" by denying Vaughn's section 995 motion after the magistrate denied Vaughn a "substantial right at the preliminary hearing." In an informal response to the petition, the People argued that the section 995 order is not subject to pretrial review because Vaughn's October 20, 2024 filing was not a motion, and his April 2025 motion was filed more than 60 days after arraignment. (See § 1510.) On the merits, the People argued the magistrate did not abuse his discretion. Vaughn filed a reply brief disputing the People's contentions and making a new argument that, to the extent his section 995 motion was not timely, he was denied the effective assistance of counsel.

On September 17, 2025, this court issued an order to show cause why the relief Vaughn requested should not be granted. We directed that the parties address specifically (1) whether the October 2024 filing sufficed as a motion for purposes of section 1510's requirements; and (2) whether Vaughn had a substantial right at his preliminary hearing to have the magistrate hear his section 17(b) motion before making a holding order.

## DISCUSSION

## I. The Section 995 Order Is Not Subject to Pretrial Review

An order denying a motion to set aside an information pursuant to section 995 "may be reviewed prior to trial only if the motion was made by the defendant in the trial court not later than . . . 60 days following

6

defendant's arraignment on the information," unless during that time period "the defendant was unaware of the issue or had no opportunity to raise the issue." (§ 1510.) This 60-day bar may not be asserted to prevent a hearing on the section 995 motion in the trial court, but when it is raised in a writ proceeding, the petitioner bears the burden of showing he is within "one exception or the other," or writ relief will be unavailable. (*Ghent v. Superior Court* (1979) 90 Cal.App.3d 944, 950–951 (*Ghent*).)

Applying section 1510 here, we conclude the denial in substantial part of Vaughn's section 995 motion is not subject to pretrial review because Vaughn filed that motion on April 10, 2025, more than 60 days after his arraignment on the information. (§ 1510.) Vaughn's petition in this court was not untimely (see § 999a [allowing 15 days after trial court's denial of § 995 motion]), but the denial of his section 995 motion is not subject to pretrial review. Vaughn's efforts to avoid this conclusion are unavailing.

In his petition, Vaughn alleges he complied with section 1510 because he filed "the" section 995 motion on October 20, 2024, which was within 60 days of arraignment. Citing *Smith v. Superior Court* (1978) 76 Cal.App.3d 731, Vaughn argues the October 2024 filing qualifies as a motion because it is a written application that seeks an order on specified grounds. In *Smith*, defense counsel made a "cryptic statement" at arraignment reserving the right to make motions pursuant to sections 995 and 1538.5. More than 60 days later, the defendant brought a motion to suppress, which was denied. In a writ proceeding seeking pretrial review of this denial, the *Smith* court held that counsel's statement at the arraignment was not a motion brought within 60 days. (*Smith*, at p. 734.) The court reasoned that a "motion is an application to the court for an order" (*ibid.*, citing Code Civ. Proc, § 1003); that the applicant must communicate what order is desired and upon what

7

grounds; and that counsel's statement at arraignment did not convey that the defendants were actually making a motion to suppress, what evidence they wanted to suppress, or the grounds for suppression. (*Smith*, at pp. 734–735.)

Procedurally, this case is different from *Smith* in that Vaughn filed a document styled a "Motion to Dismiss Per Penal Code 995" rather than orally raising the issue at the arraignment. But Vaughn's filing is otherwise remarkably similar to the cryptic statement made by defense counsel in *Smith*. The document lists in the sparest of terms potential grounds for seeking relief under section 995. It does not mention section 17(b) or otherwise articulate any case-specific theory for dismissing the information, or any portion of it. Moreover, Vaughn never filed a supporting memorandum or sought a hearing on his "[m]otion." (See Cal. Rules of Court, rule 4.111(a) ["all pretrial motions, accompanied by a memorandum, must be served and filed at least 10 court days . . . before the time appointed for hearing"]; § 997 [motion to set aside an information "must be heard at the time it is made, unless for cause the court postpones the hearing to another time"].)

Even if we could treat the October 2024 document as a motion, it was not *the motion* that resulted in the May 2025 order Vaughn seeks to challenge here. The challenged order denied in substantial part Vaughn's April 2025 motion to dismiss multiple charges in the information. The April 2025 motion was not a supplemental or amended motion. It made no reference to Vaughn's earlier filing; it did not address all the issues generically listed there; and it did not seek the same relief, as the earlier filing sought "to dismiss all charges in the information" rather than merely a subset of them. Under these circumstances, the parties' disagreement about whether the October 2024 filing meets the definition of a motion is beside the

point.[3] Vaughn seeks pretrial review of an order that partially denied his April 2025 motion, and *that* motion was certainly filed more than 60 days after arraignment on the information, precluding review pursuant to section 1510.

Vaughn attempts to invoke section 1510's exception to the 60-day rule, which provides for pretrial review of the denial of a section 995 motion made more than 60 days after arraignment *only* if, during that time period, "the defendant was unaware of the issue or had no opportunity to raise the issue." (§ 1510.) This exception applies when, for example, the petitioner demonstrates that the preliminary hearing transcript was not available until more than 60 days following arraignment. (*Ghent, supra,* 90 Cal.App.3d at pp. 951–952.) The exception can also apply upon a showing that the transcript was too voluminous or the issues too complex to be analyzed during the 60-day timeframe. (*Fleming v. Superior Court* (2010) 191 Cal.App.4th 73, 104–105 (*Fleming*); *McGill v. Superior Court* (2011) 195 Cal.App.4th 1454, 1514; *Arteaga v. Superior Court* (2015) 233 Cal.App.4th 851, 861.)

Here, Vaughn concedes that his failure to bring a section 995 motion within 60 days after arraignment is not attributable to delay in transcript preparation, the size of the transcript, or complexity of the issues. Nor does he dispute that his former counsel was aware of the option of bringing a section 995 motion to challenge the alleged violation of defendant's substantial right. (Compare *Rodas-Gramajo v. Superior Court* (2023) 92 Cal.App.5th 656, 664 [defendant's section 995 claim was based on change in

---

[3] By deciding the case before us based on its particular circumstances, we do *not* mean to suggest that a placeholder "motion" bearing only some of the same infirmities would be an adequate substitute for a motion properly brought within 60 days of arraignment on the information.

law that went into effect after 60-day period].)  Instead, Vaughn argues his former trial counsel had no opportunity to prepare a section 995 motion before April 2025 due to her "excessive caseload."

We question whether an allegation that defendant's counsel was busy during the 60-day period can be a valid basis for invoking section 1510's exception, but we need not decide that issue here.  Because Vaughn did not file his motion within 60 days following arraignment, he has the burden of showing an exception applies.  (*Ghent*, *supra*, 90 Cal.App.3d at p. 950; *Fleming*, *supra*, 191 Cal.App.4th at p. 103.)  And Vaughn fails to carry that burden here.  He does not submit to us a declaration from his former counsel or any evidence about that attorney's caseload during the 60 days after Vaughn was arraigned.  He does submit a May 2025 letter the chief attorney for the San Francisco public defender sent to the presiding judge of the superior court discussing the office's workload constraints.  But that letter says nothing about Vaughn and does not address whether his counsel had an opportunity to file a section 995 motion during the 60-day period after he was arraigned.  Vaughn has accordingly failed to establish that section 1510's exception applies in his case.

## II.  Vaughn Fails to Prove Ineffective Assistance of Counsel

Vaughn contends that, if his section 995 motion was not filed in time to obtain review pursuant to section 1510, "it was due to ineffective assistance of counsel."  We shall address the merits of this claim rather than the parties' disagreement about whether it is adequately raised by the petition.  Importantly, the burden is squarely on the defendant to prove he was ineffectively represented.  (*People v. Ledesma* (1987) 43 Cal.3d 171, 218).  To establish a claim for ineffective assistance of counsel, Vaughn must "prove ' "that counsel's representation fell below an objective standard of

10

reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant." ' " (*In re Crew* (2011) 52 Cal.4th 126, 150 (*Crew*).)

Vaughn posits that the very fact he cannot invoke the exceptions to section 1510's 60-day rule proves his former counsel's representation was deficient. We are unpersuaded by this logic. Importantly, section 1510 " 'does not prevent a defendant in a felony prosecution from making a section 995 motion at any time before trial," but "operates only to preclude pretrial appellate relief" from an order denying such relief. (*Ghent, supra*, 90 Cal.App.3d at p. 950.) As the statutory scheme expressly contemplates that section 995 motions can and will be brought at times when pretrial appellate review is not available, we reject Vaughn's assumption that a reasonably competent attorney would always bring such a motion within 60 days after arraignment.

Vaughn mistakenly relies on *Fleming, supra*, 191 Cal.App.4th 73. There, a former school superintendent was charged by grand jury indictment with three criminal violations relating to his decision to authorize subordinates to compile lists of individuals who had supported a recall of the school board. (*Id*. at pp. 77, 80–81.) The defendant moved to set aside the indictment as without probable cause, which was granted as to two of the three charges. (*Id*. at p. 81.) Thereafter, the defendant sought pretrial review of the denial of his section 995 motion as to the remaining charge, while the People filed an appeal from the dismissal of the other two counts. The appellate court addressed both matters together on a fulsome record,

11

concluding that all of the prosecutor's legal theories were untenable and none of the charges was supported by probable cause. (*Id.* at pp. 81–103.)

The *Fleming* court then went on to address the People's argument that writ review was unavailable under section 1510. (*Fleming*, *supra*, 191 Cal.App.4th at p. 103.) Although the defendant had filed his section 995 motion more than 60 days after arraignment, pretrial review was available, the court found, because the defendant carried his burden of showing that he fell within both section 1510 exceptions; he established "unawareness" of the issues and a "lack of opportunity" to file his motion within the 60-day period. (*Id.* at p. 104.) In that context, the court equated the former defense counsel's lack of awareness of the issues with ineffective assistance of counsel, and found that counsel's deficient performance was "full of prejudice." (*Ibid.*)

As Vaughn contends, *Fleming* stands for the proposition that "if there is ineffective assistance in not timely bringing a meritorious section 995 motion, then the section 995 motion may be reviewed on the merits" in a pretrial writ proceeding. (*Fleming*, *supra*, 191 Cal.App.4th at p. 104.) But in *Fleming*, the defense attorney's lack of awareness about the issues to be raised constituted deficient performance. Here, by contrast, Vaughn's former counsel was aware of the issues that could be raised in a section 995 motion and yet delayed bringing that motion until later in the case. Nothing in *Fleming* supports Vaughn's summary assertion that there can be no "excuse" for failing to bring a section 995 motion within the 60-day period following arraignment.

Nor does Vaughn demonstrate that there could have been no valid reason for waiting to file a section 995 motion until later in his case. As a general rule, courts presume that trial counsel's actions and inactions fall "within the wide range of reasonable professional assistance" and reflect

12

reasonable tactical decisions. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Here, Vaughn's former counsel could have made a tactical decision to postpone making a section 995 motion because an adverse ruling would impede efforts to obtain a negotiated disposition. Alternatively, counsel could have determined that the case was likely headed for trial and a section 17(b) motion would be more persuasive after all of the evidence came in. Counsel could also have taken the view that one round of pretrial review of the magistrate's decision would be enough, and this he could obtain by filing a section 995 motion in the superior court at any time. These scenarios are admittedly speculative, but it is Vaughn's burden to prove that his counsel's conduct was objectively unreasonable (*Crew*, *supra*, 52 Cal.4th at p. 150), and Vaughn fails to show that counsel was not thinking along any of these lines or that doing so would have been unreasonable. Vaughn thus fails to establish that his former counsel provided ineffective assistance.

In sum, Vaughn has failed to prove that his motion was made no more than 60 days after arraignment on the information, and he has failed to establish that ineffective assistance of counsel deprived him of the "opportunity to raise the issue." (§ 1510.) We are thus unable to review prior to trial Vaughn's contention that the magistrate violated his substantial rights by refusing to hear his section 17(b) motion. (§ 1510.)

## DISPOSITION

The petition for writ of prohibition is denied.

13

                                        TUCHER, P. J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.

*Vaughn v. Superior Court* (A173255)